**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-24757-BECERRA/Elfenbein

**DANIEL SANCHEZ,**

Plaintiff,

v.

**OFFICER I. RODRIGUEZ,**

Defendant.
_________________________________/

**<u>REPORT AND RECOMMENDATION ON MOTION TO DISMISS</u>**

**THIS CAUSE** is before the Court on Defendant Officer I. Rodriguez's ("Defendant") Motion to Dismiss Amended Complaint and Supporting Memorandum of Law. *See* ECF No. [34]. Plaintiff Daniel Sanchez, proceeding *pro se*, filed a Response to Counsel's Motion to Dismiss (the "Response"), ECF No. [35].[1] Defendant thereafter filed a Reply in Support of Motion to Dismiss Amended Complaint (the "Reply"), ECF No. [36]. The Honorable Jacqueline Becerra referred the above-captioned matter to me for "rulings on all pre-trial, nondispositive matters and for issuance of a Report and Recommendation on any dispositive matters." *See* ECF No. [14]. For the reasons explained below, I respectfully **RECOMMEND** that the Motion to Dismiss, **ECF No. [34]**, be **GRANTED**.

## I. BACKGROUND

On February 26, 2026, Plaintiff filed an Amended Complaint that is difficult to understand and decipher. For example, in the Amended Complaint, Plaintiff asks the Court to "annihilate and

[1] While Plaintiff filed the Response four days after the deadline to do so under the Local Rules, the Court nonetheless has accepted the filing due to the mere four-day delay, the fact that Plaintiff is proceeding *pro se*, and because Defendant has not objected to the timeliness of the filing and has filed a Reply.

extinguish the charges for the physical damages done maiming" him "to the point of not being able to perform" daily living activities and "forcing" him to work two jobs whilst "suffering in unbearable pain." ECF No. [21] at 1. He alleges being forced to sit at a 90-degree angle for 30 minutes while his hands were handcuffed behind his back and made to keep his legs flat on the sidewalk. *See id*. at 2. He indicates that he identified an image of his "private trust for the vessel in commerce for the officer" on a screensaver preceding the alleged attack against him. *See id*. at 3. According to Plaintiff, this interaction potentially caused him lifelong spinal cord damage, physical pain, and aggravated his bowel movement control. *See id*. at 5. Plaintiff alleges that he informed the officer he was merely traveling "by means of common pathways" and that the officer "disregarded" Plaintiff's handicap placard after searching his motorcycle. *See id*. at 3-4. Plaintiff points to other federal lawsuits he is involved in with various family members before accusing agents and officers of the court as well as law enforcement of colluding against him. *See id*. at 6-7. Plaintiff seeks relief in the form of $700,000 in damages. *See id*. at 8.

Defendant raises five grounds for dismissal. *See* ECF No. [34]. First, he asserts that the Amended Complaint is an impermissible shotgun pleading that violates Federal Rules of Civil Procedure 8 and 10. *See id*. at 4. He further advances that the Amended Complaint is filled with irrelevant, immaterial, and conclusory allegations. *See id*. It contains no recognizable legal concepts and the statements contained therein are "untethered to any identifiable cause of action." *Id*. Second, Defendant contends that the Amended Complaint fails to state a claim for relief because its allegations are both factually and legal insufficient and cannot satisfy the pleading standard. *See id*. at 5. According to Defendant, Plaintiff fails to identify any constitutional violation, factual support for a § 1983 claim, and fails to specifically tie Defendant to any alleged wrongdoing. *See id*. Third, Defendant asserts that even if the Court were to construe a § 1983

claim from the Amended Complaint, Defendant is entitled to qualified immunity. *See id.* at 7. Fourth, Defendant contends that Plaintiff lacks standing to sue for failure to allege a concrete and particularized injury and cannot satisfy the standing requirements under Article III or state law. *See id.* at 8. Finally, because the Amended Complaint contains no timeline, Defendant argues that he cannot ascertain whether any of the claims are time-barred. *See id.* at 8-9. Defendant seeks dismissal for all these reasons.

In the Response, Plaintiff demands a trial and for the first time asserts that Defendant violated "all" of his constitutional rights by not "respecting [his] demand of due process." *See* ECF No. [35] at 1. He claims Defendant "brutally attacked" him and that there was no need for Defendant to handcuff him because he was handicapped and had a "well documented letter identifying a spinal cord disorder." *Id.* at 1-2 (cleaned up). Plaintiff asserts that Defendant "ignored" him and that their interaction, including the conversation and a purported consensual search of Plaintiff's motorcycle, should have been captured on body-worn camera. *See id.* at 2. Plaintiff seemingly contests Defendant's assertions that the Amended Complaint raises no legal basis on which relief can be granted. *See id.* Plaintiff asserts Defendant waived his right to challenge Plaintiff's claims because Defendant is represented by counsel. *See id.* Though not entirely clear, Plaintiff contends Defendant defaulted in this matter. *See id.* He further argues that Defendant abused his power once he found Plaintiff's handicap placard after the motorcycle search. Plaintiff seems to contest that Defendant is entitled to qualified immunity. *See id.* at 3.

In the Reply, Defendant largely reiterates his positions from the Motion. *See* ECF No. [36]. First, he notes that Plaintiff's assertions are not legally cognizable claims and Plaintiff merely references legal jargon, which does not provide Defendant with sufficient notice of the claims asserted against him. *See id.* at 2. Second, Defendant contends that Plaintiff impermissibly seeks

to amend his pleading by alleging facts in the Reply that were not previously included in the Amended Complaint. *See id.* at 3. Even so, Defendant argues, Plaintiff does not plead a constitutional violation or facts establishing the elements of a § 1983 claim. *See id.* And the facts Plaintiff does allege purportedly fail to establish that Defendant used excessive force, unlawfully arrested or detained Plaintiff, or any other "objectively unreasonable conduct" and show nothing more than a "routine traffic stop." *See id.* at 4. Third, Defendant argues that Plaintiff's "newly asserted allegations" regarding the handicap placard do not overcome qualified immunity. *See id.* at 4. Finally, Defendant notes that he reasserts all arguments from the Motion as if "fully set forth herein." *See id.* at 4-5.

## II. LEGAL STANDARDS

### A. Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). For that reason, courts "should inquire into whether" they have "subject matter jurisdiction at the earliest possible stage in the proceedings," and they must do so "*sua sponte* whenever it may be lacking." *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.").

Relevant here, district courts have original jurisdiction if the case contains a federal question, *see* 28 U.S.C. § 1331, or the parties are completely diverse and meet the amount in controversy requirement, *see* 28 U.S.C. § 1332(a); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303 (S.D.

Fla. 2016). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). And the "party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**B. Pleading Requirements**

Every complaint, whether filed by a *pro se* party or an attorney, must comply with the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). That means Plaintiff's Amended Complaint must conform with Rule 8, which requires that a pleading contain three substantive parts: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Along with that substance, a pleading must also conform to certain format requirements. *See* Fed. R. Civ. P. 10. Rule 10 requires that a plaintiff state the claims in a series of numbered paragraphs and to limit each paragraph to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). These substance and format requirements are aimed at ensuring that a complaint contains "sufficient factual matter, accepted as true," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to both "state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (alteration adopted, quotation marks omitted).

"[D]istrict courts have the power and the duty to define the issues at the earliest stages of litigation," which includes the responsibility of dismissing or requiring a party to correct shotgun pleadings. *See Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). A shotgun pleading is one that "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a responsi[ve] pleading constitutes shotgun pleading.")

The Eleventh Circuit has identified at least four different types of shotgun pleadings, including complaints that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" and complaints that do "not separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1321-23. It has also "condemned shotgun pleadings time and again" because they "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018) (citation omitted); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

Given the havoc they wreak, the Eleventh Circuit has specifically instructed district courts not to tolerate shotgun pleadings because "[t]olerating such behavior constitutes toleration of obstruction of justice." *Jackson*, 898 F.3d at 1357 (footnote omitted); *see also Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("[S]hotgun complaints . . . are altogether unacceptable."). If the claims of a complaint "are so poorly pleaded that" it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," *see Weiland*, 792 F.3d at 1325 (emphasis and quotation marks omitted), a district court "retains authority to dismiss a shotgun pleading on that basis alone," *see Jackson*, 898 F.3d at 1357.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). But leave to amend is not warranted when there has been a "repeated failure to cure deficiencies by amendments previously allowed" and "where amendment would be futile." *See id.* (quotation marks omitted); *Miccosukee Tribe of Indians of Fla. v. Jewel*, 996 F. Supp. 2d 1268, 1274–75 (S.D. Fla. 2013). In that case, dismissal with prejudice is warranted. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1137–38 (11th Cir. 2019); *Jewel*, 996 F. Supp. 2d at 1274–75.
P. 23.1(b)(3)).

## III. DISCUSSION

As explained above, federal courts "should inquire into whether" they have "subject matter jurisdiction at the earliest possible stage in the proceedings," and they must do so "*sua sponte* whenever it may be lacking." *See Univ. of S. Ala.*, 168 F.3d at 410; *Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). This is one of those instances. Although not raised in the Motion, upon a *sua sponte* review of the record, the Court has concerns regarding whether it has subject-matter

jurisdiction. The Amended Complaint fails to make any jurisdictional allegations, so it is unclear whether there exists federal question or diversity jurisdiction. Liberally interpreting Plaintiff's *pro se* filing, it appears that he is attempting to allege civil rights violations, possibly under 42 U.S.C. § 1983. *See* ECF No. [21] at 2-7. Defendant likewise appears to interpret the Amended Complaint to include a § 1983 violation and asserts a qualified immunity argument in defense. *See* ECF Nos. [34] at 5-6 and [36] at 3-4. Moreover, it is clear from the Response that Plaintiff attempts to assert civil rights claims for violations of his constitutional rights. *See generally* ECF No. [35]. But Plaintiff never specifically alleges which of his civil rights were violated. Nor does he state which statute or statutes may be applicable. Nor does he set forth the basis for subject-matter jurisdiction anywhere in the Amended Complaint. However, the Court finds that this issue may be remedied upon amendment with the benefit of the Court's instructions. Accordingly, the undersigned recommends that Plaintiff be given an opportunity to file a Second Amended Complaint in which he clearly states the jurisdictional and legal bases for his allegations in addition to curing the other pleading deficiencies outlined below.

To the extent the Court would have any subject-matter jurisdiction upon amendment, Defendant is correct that the Amended Complaint is a shotgun pleading that violates Federal Rules of Civil Procedure 8 and 10. First, the Amended Complaint falls within the second type of shotgun pleading because it is full of "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Weiland*, 792 F.3d at 1321-23. Because Plaintiff does not allege any counts or specific causes of action, it is unclear which facts are relevant. In a similar vein, the Amended Complaint fails to separate "into a different count each cause of action or claim for relief." *See id.* Next, the Amended Complaint violates Rule 10 because it does not include any numbered paragraphs, making it virtually impossible for Defendant to respond to the allegations

contained therein. *See* Fed. R. Civ. P. 10(b).

Although the Court must read Plaintiff's *pro se* Complaint liberally, *see Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), the Court is not required to serve as Plaintiff's "lawyer in rewriting" it, *see Jackson*, 898 F.3d at 1357. Indeed, the Eleventh Circuit has made abundantly clear district courts must not tolerate shotgun pleadings and instead must require the plaintiff to correct the pleading's deficiencies, such as by dismissing it without prejudice, *see id.*, or by "order[ing] a repleader." *See Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001). These actions both fulfill the district court's "duty to define the issues at the earliest stages of litigation," *see Johnson Enters.*, 162 F.3d at 1290, and ensure discovery is controlled and the docket is manageable, *see Anderson*, 77 F.3d at 367. For these reasons, the Amended Complaint requires amendment before the case can proceed any further. As explained above, although Plaintiff amended the complaint once as a matter of right, the Court deems it just to allow him, as a *pro se* Plaintiff, an opportunity to amend now with the benefit of the Court's instructions. Because it is unclear whether the Court has subject-matter jurisdiction over this case, the Court does not reach the remainder of Defendant's merits-related arguments at this time.

## IV. CONCLUSION

For the reasons explained above, I respectfully **RECOMMEND** that the Motion to Dismiss, **ECF No. [34]**, be **GRANTED** and Plaintiff be given leave to file a Second Amended Complaint addressing the deficiencies identified herein.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Jacqueline Becerra, United States District Judge. Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and

shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on October 2, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record